MARTHA RICHARDSON, Petitioner, *v.* HIRAM P. VROOMAN and JAMES L. BERRY, Respondents.

1. *Act reorganizing Macon Court of Common Pleas—Misdemeanor—Felony—Jurisdiction — Construction of statute.* — By the third section of the act organizing the Macon Court of Common Pleas (Sess. Acts 1868, p. 275), that court is prohibited from usurping the powers of the Circuit Court, which has exclusive and original jurisdiction over felonies; and when, upon examination, it is disclosed that the offense is a felony instead of a misdemeanor, it is the duty of the Common Pleas Court to certify that fact to the Circuit Court. But it has jurisdiction to proceed by complaint or information in cases of misdemeanor.

*Petition for writ of prohibition.*

*B. G. Barrows*, for petitioner.

*Gilstrap*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This is an application on the part of the plaintiff for a writ of prohibition to restrain the defendant Vrooman, who is judge of the Court of Common Pleas of Macon county, from further taking cognizance of a proceeding now pending in that court against the plaintiff, and also to prohibit the defendant Berry, county attorney, from further prosecuting the same.

The county attorney filed an information in the Court of Common Pleas charging the plaintiff with the commission of a misdemeanor, and upon that complaint she was arrested; and the only question is whether said court has jurisdiction to hear and determine cases of misdemeanor brought before it on complaint or information.

We will not again re-argue the question whether the Legislature has the power to provide that all misdemeanors shall be triable on information, and whether it can not organize a special and inferior tribunal to assume jurisdiction over such cases. That subject was examined in The State v. Ebert (40 Mo. 186), and the conclusions there arrived at will not be disturbed. If the Legislature, in organizing the Common Pleas Court of Macon county, granted the power of hearing and determining cases of misdemeanors commenced by information or complaint, there is no reason for disputing its jurisdiction.

The third section of the act providing for its organization says: "The Court of Common Pleas shall have original jurisdiction, within said county, of all misdemeanors which shall be punishable therein by complaint or information, and not by indictment, except those over which justices of the peace have exclusive jurisdiction. All prosecutions therefor shall be commenced in said court by filing with the clerk a written complaint or information, verified by affidavit, against the defendant or defendants, against

whom, if not recognized to answer, the proper process shall issue for the body of the defendants ; and if the evidence discloses, in the progress of any trial for misdemeanor and felony over which the court has no jurisdiction, further proceedings shall be stayed, and the facts certified to the Circuit Court, with a copy of the record in the case, and the defendant and prosecuting witnesses let to bail for their appearance in the Circuit Court having jurisdiction of the offense, or committed, as the case may require, by the judge of the Court of Common Pleas."

The wording of the section is in some respects involved and the meaning rendered obscure by errors of punctuation in the original act; but neither bad punctuation nor false grammatical construction will render a statute inoperative if its meaning is plain and susceptible of easy interpretation. The act was intended to give and does give the Court of Common Pleas original jurisdiction over all misdemeanors not exclusively cognizable before justices of the peace. But it is prohibited from usurping the powers of the Circuit Court, which has exclusive and original jurisdiction over felonies ; and when, upon an examination, it is disclosed that the offense is a felony instead of a misdemeanor, it is the duty of the Common Pleas Court to certify that fact to the Circuit Court. To deny the jurisdiction of the court to proceed by complaint or information in case of misdemeanor, would be to misinterpret language and defeat the plain and manifest intention of the enactment.

One or two other points have been presented, but we have been unable to find anything in them calling for special comment.

Our conclusion is that the court rightfully exercised jurisdiction over the matter complained of, and that the writ should be denied. The other judges concur.